Halstead Swan, Respondent, v. Florence Berry Swan, Appellant. Lester P. Deeves, Corespondent.— Motion granted. Present — Jenks, P. J., Thomas, Stapleton, Mills and Putnam, JJ.

Elsa Wittgren, as Administratrix, etc., of Nies Bernhard Wittgren, Deceased, Respondent, v. Wells Brothers Company of New York, Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Jenks, P. J., Thomas, Stapleton and Mills, JJ.; Putnam, J., taking no part.

The American Servians Association of New York, Respondent, v. Union Square Savings Bank, Appellant.— Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Thomas, Stapleton, Rich and Putnam, JJ., concurred.

Audley Clarke, Respondent, v. Borough Asphalt Company and Others, Appellants.— Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Carr, Mills and Rich, JJ., concurred.

William H. Gowland, Respondent, v. The Brooklyn Heights Railroad Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr, Stapleton and Rich, JJ.

John J. Hicks, Respondent, v. James H. Cocks and John S. Burke, Appellants.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that as to each defendant the examination directed would necessarily be to establish the facts which would tend to prove defendant guilty of a crime. (See *People's Coat, Apron & Towel Supply* v. *Light*, 168 App. Div. 142.) Jenks, P. J., Stapleton, Mills, Rich and Putnam, JJ., concurred.

Cesidio Pellegrino, Appellant, v. Clarence L. Smith Company, Respondent.— Judgment reversed and new trial granted, costs to abide the event. We think that this case, on the present record, does not fall within the doctrine of *Citrone* v. *O'Rourke Engineering Const. Co.* (188 N. Y. 339). According to plaintiff's testimony there was an assurance by defendant's representative that no danger existed, and a promise of notification when danger should become imminent. This brings the case within the doctrine of *Rice* v. *Eureka Paper Co.* (174 N. Y. 385). Jenks, P. J., Thomas, Carr, Mills and Rich, JJ., concurred.